UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MEMORIAL HERMANN HEALTHCARE SYSTEM INC, *et al*, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. G-06-438 |
| | § | |
| EUROCOPTER DEUTSCHLAND, GMBH, | § § | |
| Defendant. | § | |

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant Eurocopter Deutshcland, GMBH ("Eurocopter") has moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons outlined below, the Motion is **GRANTED**.[1]

### I. Facts Alleged in Plaintiff's Complaint

Plaintiffs in this case are Memorial Hermann Healthcare Systems, Inc. ("Memorial Hermann") and United States Aviation Underwriters, Inc. ("USAU"). On or about May 13, 2005, a helicopter owned by Memorial Hermann and manufactured by Eurocopter was on final approach into Pearland Regional Airport when the crew opened both helicopter doors. After opening the doors, the crew observed the left door separate from the aircraft and strike the main rotor blades, causing extensive damage to the helicopter. USUA provided coverage in excess of $100,000.00 for the incident in accordance with its policy. Memorial Hermann also sustained uninsured losses in excess of $100,000.00.

Plaintiffs allege that the helicopter possessed defects rendering it unreasonably dangerous at the time it left the hands of Eurocopter and that those defects led to the damage sustained in

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

May, 2005.  Plaintiffs also allege that Eurocopter was responsible for monitoring the reliability of its helicopters, investigating failures of such aircraft, determining the cause of any failures in order to prevent future incidents, publishing data for aid in maintenance and repair of helicopters, and modifying such data from time to time.  Plaintiffs' Complaint states that failure to adequately execute these responsibilities constitutes negligence, including post-sale negligence.

## II.  Legal Standard

A defendant is entitled to dismissal under Rule 12(b)(6) when the plaintiff fails to state a claim upon which relief can be granted.  When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff.  *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of the plantiff); *see also Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993).  "A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted."  *Collins*, 224 F.3d at 498.  A motion to dismiss should only be granted when it appears without a doubt that a plaintiff can prove no set of facts in support of its claims that would entitle him to relief.  *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2202); *see also Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

## III.  Analysis

Eurocopter argues that the Texas economic loss rule precludes recovery for the damages alleged by Plaintiffs.  The Texas economic loss rule prevents an award of economic damages under a tort recovery theory unless those damages are accompanied by physical harm to persons or property other than the alleged defective product.  *See Nobility Homes of Tex. v. Shivers*, 557

S.W.2d 77, 79 (Tex. 1977); *see also Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 112 (Tex. App.—Houston [14th Dist.] 2000, no pet.). This rule is congruous with "the well developed notion that the law of contract should control actions for purely economic losses and that the law of torts should control actions for personal injuries." *Nobility Homes*, 557 S.W.2d at 82.

Plaintiffs do not and cannot dispute the nature or applicability of Texas's economic loss rule. Rather, Plaintiffs argue that their claims are for post-sale negligence and are therefore not subject to the economic loss rule. Under Texas law, "a manufacturer generally does not have a duty to warn about hazards discovered after a product has been manufactured and sold." *Hendrix v. Bell Helicopter Textron, Inc.*, 634 F. Supp. 1551, 1557 (N.D. Tex. 1986) (citing *Syrie v. Knoll Int'l*, 748 F.2d 304, 311 (5th Cir. 1984)).[2] However, a party may, independently from its status as manufacturer, assume a duty by undertaking to provide services, and a claim may arise if those services are performed negligently. *See Torrington Co. v. Stutzman*, 46 S.W.3d 829, 838-39 (Tex. 2000).

In *Torrington*, a manufacturer of bearings used in military aircraft recalled certain classes of its bearings. In the recall, the manufacturer specified that serial numbers not listed in the recall were unaffected by the defect. In fact, some bearings with serial numbers not listed in the recall were defective, and one of them caused a helicopter crash. The Texas Supreme Court found that the plaintiffs could assert a claim for negligent undertaking even though the manufacturer would typically not have a post-sale duty to warn of the defects. *See Torrington*, 46 S.W.3d 838. The Court in *Torrington* held that in order to succeed on a claim for negligent

---

[2] One well-recognized exception to this rule is when the manufacturer regains control of the product after the initial sale, thus enabling it to remedy a known defect. *See id. Hendrix v. Bell Helicopter Textron, Inc.*, 634 F. Supp. 1551, 1557 (N.D. Tex. 1986) (citing *Syrie v. Knoll Int'l*, 748 F.2d 304, 311 (5th Cir. 1984)). Defendant correctly states (and Plaintiffs do not seem to disagree) that this exception is not met by the facts alleged in Plaintiffs' Complaint.

undertaking, a plaintiff must show that "(1) [the defendant] undertook to perform services that it knew or should have known were necessary for the plaintiff's protection, (2) [the defendant] failed to exercise reasonable care in performing those services, (3) the [plaintiff] relied upon [the defendant's] performance, or (4) [the defendant's] performance increased the plaintiff's risk of harm." *Id.*

Plaintiffs argue that they can make a claim for negligent undertaking because "Eurocopter had a program in effect whereby it issues notices, bulletins, directives and warnings to end users of its aircraft for various purposes" and that it executed this program negligently. Pls.' Resp. at 7. Defendant disputes that a claim for negligent undertaking is made on the facts alleged in this case.[3] However, the merits of the claim need not be reached if the claim itself is precluded by the economic loss doctrine.

Whether Plaintiffs can prove the elements of a negligent undertaking claim is irrelevant, since all negligence claims are barred by the economic loss doctrine. In *Torrington*, the economic loss doctrine was inapplicable because personal injury and wrongful death occurred as a result of the defective bearings, and negligence was indisputably the appropriate avenue for recovery. In this case, there are no allegations of damages other than those to the helicopter, and post-sale negligence claims, like other negligence claims, are barred unless there exists an exception to the economic loss doctrine. The *Torrington* court did not address whether there was an exception to the economic loss doctrine for post-sale negligence.

Plaintiffs acknowledge that Texas courts have not carved out an exception to the economic loss doctrine for claims of post-sale negligence. Plaintiffs instead look to maritime law for support of its argument in favor of an exception. In *East River S.S. Co. v. Transamerica*

---

[3] Candidly, the Court is skeptical that a claim for negligent undertaking based on the events made the basis of this lawsuit could survive summary judgment. However, this is not a summary judgment motion, and the Court has not been asked to evaluate Plaintiff's claims under that standard.

*Delaval, Inc.*, 476 U.S. 858, 106 S. Ct. 2295, 90 L. Ed. 2d 865 (1986), the Supreme Court adopted an economic loss rule for cases brought under maritime law. The rule adopted in *East River* is essentially the same as the rule adopted by Texas courts. *See East River*, 476 U.S. at 871, 106 S. Ct. at 2302. Since *East River*, some courts have allowed or contemplated an exception for claims of post-sale negligence. *See Nicor Supply Ships Assocs. V. General Motors*, 876 F.2d 501, 504 (5th Cir. 1989) (stating that although the elements for an exception were not met in this case, there was a possibility that an exception might exist in future Fifth Circuit cases); *Miller Indus. v. Caterpillar Tractor Co.*, 733 F.2d 813 (11th Cir. 1984); *Brown v. Eurocopter, S.A.*, 143 F. Supp. 2d 781 (S.D. Tex. 2001); *McConnell v. Caterpillar Tractor Co.*, 646 F. Supp. 1520 (D.N.J. 1986). In fact, this Court allowed for an exception in a maritime case. *See Brown*, 143 F. Supp. 2d 781. However, this is not a maritime case, and it is governed exclusively by the laws of Texas. The Court's ultimate decision is based on the fact that Texas courts have not carved out an exception to the Texas rule. This Court takes its direction on interpretations of state law from the Texas Supreme Court, and will not expand legal rights without express approval from the courts of this State. The Court finds that there is no cause of action under Texas law for post-sale negligence when an allegedly defective product harms nothing but itself. There is no set of facts consistent with those plead in Plaintiffs' Original Complaint that would allow Plaintiffs to recover on such a basis.

**IV. Conclusion**

For the reasons outlined above, Plaintiffs' claim for post-sale negligence is **DISMISSED WITH PREJUDICE**. This ruling seems to address all of Plaintiffs' claims, but out of an abundance of caution, the Court will allow Plaintiffs twenty days to file an Amended Complaint stating any additional or alternative bases for recovery. If Plaintiff does not file an Amended

Complaint, Defendant should file a Motion for Judgment at which time the Court will enter Final Judgment in this case. All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

    **IT IS SO ORDERED.**

    **DONE this the 23rd day of August, 2007, at Galveston, Texas.**

_____
Samuel B. Kent
United States District Judge